THE FIRST NATIONAL BANK OF IONIA, MICHIGAN, v. THE MICHIGAN TRUST COMPANY ET AL.

*Trust deed—Payment of prior liens.*

A provision in a trust deed authorizing the trustee to pay off the liens on portions of the trust property is held not to have been designed as a further security to the holders of said liens, but as a power to be executed, in the judgment of the trustee, for the conservation of the estate and for the benefit of the general creditors.

Appeal from Ionia. (Davis, J.) Argued January 30, 1895. Decided April 26, 1895.

Bill to require the defendant trust company to apply certain insurance moneys towards the payment of complainant's debt. Complainant appeals. Decree sustaining demurrer affirmed. The facts are stated in the opinion.

*Vernon H. Smith* and *Thomas F. McGarry*, for complainant.

*Fletcher & Wanty*, for defendant Michigan Trust Company.

McGRATH, C. J. In November, 1892, the Lansing Lumber Company was indebted to complainant in the sum of $35,000, and, to secure the payment thereof, executed to complainant a deed of certain lands in Clare and Gladwin counties. In May, 1893, the Lansing Lumber Company executed to the Michigan Trust Company a deed of all its property in trust for the payment of the interest and principal of certain bonds then and there issued to the creditors of said Lansing Lumber Company. Subsequently the Michigan Trust Company received a large sum of money from insurers of certain property which had been destroyed by fire. Complainant files its bill to compel the trust company to apply the moneys so received to the payment of its debt, and relies upon certain provisions in the deed from the Lansing Lumber Company to the Michigan Trust Company, which are as follows:

"It is further understood that certain of the lands embraced in this indenture, and intended to be hereby conveyed, are already held by certain creditors, by virtue of a trust deed, as a security for indebtedness herein mentioned, and that certain other of the lands herein contained are held by the said company by virtue of certain land contracts, upon which a portion of the purchase money remains to be paid.

"And it is expressly agreed that said trustee herein is hereby authorized and empowered to advance or borrow money to pay off the money remaining unpaid on

said land contracts, and the money that is secured by the said trust deed, in order that the title to all said property may be fully vested in said trustee, free of all incumbrances, for the uses and purposes of this trust, and for the better security of the holders of bonds hereunder issued. And the said party of the second part is hereby authorized and empowered to pay off the money so borrowed or advanced, with the interest thereon, to perfect the title to said lands, or release the same from existing liens, out of any money that may come into its hands as trustee, before applying any to the payment of bonds hereunder issued; and these presents shall inure as a security for the same.

"It is expressly understood and agreed that the net income from the business of the said Lansing Lumber Company shall be applied, as fast as received, to the payment of the principal and interest of said bonds, in their proper order, until the said bonds are all paid. *

* *

"After a sufficient sum has been set aside by the trustee to pay current expenses of the company, and the interest on its bonds for the current half year, and after the debts which are liens upon the property are paid, all the surplus income of said company shall be applied to the payment and retirement of the bonds issued hereunder."

Defendant Michigan Trust Company demurred, and the case comes here on appeal from a decree sustaining the demurrer and dismising the bill.

We think it clear, from the face of the deed to the Michigan Trust Company, that the authority given to the trustee to pay off the liens on portions of the land conveyed was not designed as a further security to the holders of these liens, but was a power to be exercised, in the judgment of the trustee, for the conservation of the estate, and for the benefit of the general creditors.

The decree must therefore be affirmed, with costs to defendant.

The other Justices concurred.